UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――X
THE NEW YORK TIMES COMPANY                   :
and HANNAH DREIER,
                                             :
                Plaintiffs,                  :
                                                        **COMPLAINT**
        v.                                   :

U.S. DEPARTMENT OF HEALTH                    :
AND HUMAN SERVICES,
                                             :
                Defendant.
―――――――――――――――――――――――――――――――X

Plaintiffs THE NEW YORK TIMES COMPANY and HANNAH DREIER (jointly, "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the United States Department of Health and Human Services ("HHS") in response to a request properly made by Plaintiffs.

**PARTIES**

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY 10018.

3. Plaintiff Hannah Dreier is a reporter employed by The New York Times Company.

4. Defendant HHS is the agency within the federal government that has possession and control of the records that The Times seeks.

1

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on The Times's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

8. Defendant HHS has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)–(B). Plaintiffs are therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**FACTS**

9. Underlying this litigation is the ongoing public debate over how effectively the federal government is responding to a growing surge in migrant children coming into the country. Each of the requests at issue is designed to obtain data documenting the government's response and is needed to show when and where U.S. policy directed at migrant children is succeeding or failing.

10. HHS released a record 122,000 unaccompanied children to U.S. sponsors in 2021 and has released even more in 2022.

11. Internal HHS whistleblowers say essential safety protocols are being waived in favor of processing children more quickly.

12. In a September 2022 report, the HHS Office of the Inspector General quoted one whistleblower as saying: "Case management staff are encouraged to strive to do the absolute

minimum vetting of sponsors to effectuate the quickest releases. As a result, there are safety issues that are likely being overlooked."

13. Federal prosecutors and Immigration and Customs Enforcement agents say they are finding an alarming rise in cases of unaccompanied children being trafficked by sponsors. Some of these children have been discovered working full-time at auto part factories and meat-processing plants.

14. HHS performs a basic safety check by calling all sponsors 30 days after children are released.

15. The outcomes of these calls provide crucial insight into how effectively HHS is vetting sponsors and minding the welfare of unaccompanied children.

16. HHS's internal data about minor trafficking victims and national helpline calls similarly constitute some of the only records that exist of how children fare after being released.

17. It is this data that is central to the FOIA requests at issue here.

18. On August 2, 2022, Ms. Dreier submitted a FOIA request (the "August 2 Request") seeking:

> A database of the outcomes of UC [Unaccompanied Child] 30-day wellness calls and/or visits, since Jan. 1, 2017, broken down by date, where the UC is residing, and all releasable columns, including but not limited to columns with the following headings: "Not Reached," "Referred to National Call Center," "Reported to FFS [Federal Field Specialists]," "Reported to CPS [Child Protective Services]/Law Enforcement," "Referred to Sexual Abuse hotline," "Immediate Safety Concern," "Reason Case Elevated" and "Whereabout of UC." Within each column, please include the response, including the reason a case is being elevated, the reason whereabouts of UC are unknown etc.

19. On September 22, 2022, HHS acknowledged receipt of the August 2 Request. There has been no further communication from HHS, either providing the requested documents or asserting FOIA exemptions justifying any withholding.

20. On September 16, 2022, Ms. Dreier submitted a FOIA request (the "September 16 Request") seeking: "A database of recipients of OTIP [Office of Trafficking in People] eligibility letters for FY 2021, 2020 and 2019 who are minors, including the date the letter was issued, the location where the trafficking occurred (country, state, county, zip code, or other geographic marker), the nationality of the recipient and the age of the recipient."

21. HHS never acknowledged the September 16 Request.

22. On September 30, 2022, Ms. Dreier submitted four related FOIA requests (the "September 30 Requests"). The September 30 Requests sought the following:

   a. A log of calls to ORR's [Office of Refugee Resettlement's] national call center, from 2018 to the date this FOIA is fulfilled, regarding children formerly in ORR custody. Please include the call date, a location, narrative summary, and any other releasable information that has been logged. (Ms. Dreier noted that she was "seeking summary reports rather than individual records pertaining to every call, to the extent that such reports exist.")

   b. Copies of both monthly statistical reports and weekly reports summarizing caller safety concerns from the national call center, from 2018 to the date this FOIA is fulfilled.

   c. A database of would-be sponsors of UACs who were denied by ORR, from 2019 to the present [including] the zip code and the date of denial.

   d. A database of Notification of Concerns filed with ORR regarding children formerly in ORR custody, from 2018 to the date this FOIA is fulfilled, [including] a date the NOC was filed, a location, and a narrative summary when available.

   15. On October 4, 2022, HHS acknowledged each of the September 30 Requests. There has been no further communication about any of the September 30 Requests from HHC, either providing the requested documents or asserting FOIA exemptions justifying any withholding.

4

## CAUSE OF ACTION

16.     The Times repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

17.     Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

18.     Defendant has failed for each request to meet the statutory deadlines set by FOIA. 5 U.S.C. § 552(a)(6)(A)–(B). Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA.

19.     Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

20.     No exemptions permit the withholding of the documents sought by the requests.

21.     Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to the requests.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

22.     Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

23.     Order Defendant to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

24.     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

25.     Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
       October 24, 2022

                                          /s/ David E. McCraw

                                          David E. McCraw
                                          Al-Amyn Sumar
                                          Legal Department
                                          The New York Times Company
                                          620 8th Avenue
                                          New York, NY 10018
                                          Phone: (212) 556-4031
                                          Fax: (212) 556-4634
                                          E-mail: mccraw@nytimes.com

                                          *Counsel for Plaintiffs*