DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:  ZACHARY BANNON
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2728
Fax: (212) 637-2717
E-mail: Zachary.Bannon@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
                                                               :
THE NEW YORK TIMES COMPANY and                                 :   Case No. 22 Civ. 9070 (BCM)
HANNAH BREIER,                                                 :
                                                               :
                          Plaintiffs,                          :   **ANSWER**
     -against-                                                 :
                                                               :
U.S. DEPARTMENT OF HEALTH AND                                  :
HUMAN SERVICES,                                                :
                                                               :
                          Defendant.                           :
-------------------------------------------------------------- X

      Defendant U.S. Department of Health and Human Services ("HHS"), by and through its attorney, Damian Williams, United States Attorney for the Southern District of New York, answer the correspondingly numbered paragraphs of Plaintiffs' Complaint upon information and belief as follows:

      1.      Paragraph 1 consists of Plaintiff's characterization of this action to which no response is required.

## PARTIES

      2.      HHS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.

1

3. HHS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3.

4. HHS admits that it is an agency of the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1). It lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

## JURISDICTION AND VENUE

5. Paragraph 5 consists of legal conclusions regarding jurisdiction to which no response is required.

6. Paragraph 6 consists of legal conclusions regarding venue to which no response is required.

7. Paragraph 7 consists of Plaintiffs' characterization of a statute. HHS respectfully refers the Court to that statute for a true and accurate statement of its contents and denies any allegations inconsistent with the statute.

8. Paragraph 8 consists of legal conclusions to which no response is required.

## FACTS

9. Each of the allegations in Paragraph 9 consist of Plaintiffs' characterization of their Freedom of Information Act ("FOIA") requests, and the motives underlying them, to which no response is required.

10. Paragraph 10 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

11. Paragraph 11 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

12. Paragraph 12 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, HHS respectfully refers the Court to the referenced document for its true and complete contents.

13. Paragraph 13 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

14. Paragraph 14 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

15. Paragraph 15 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

16. Paragraph 16 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

17. Paragraph 17 consists of Plaintiffs' characterization of their FOIA litigation, to which no response is required.

18. HHS received a FOIA request from Plaintiff on August 1, 2022. HHS respectfully refers the Court to the FOIA request for a full, complete, and accurate statement of its contents and denies any allegations inconsistent therewith.

19. HHS denies sending an acknowledged receipt of the August 1, 2022, request. HHS admits that it had email communications with Plaintiff on the referenced date. HHS respectfully refers the Court to the referenced communication for a full, complete, and accurate statement of its contents and denies any allegations inconsistent therewith.

20. HHS admits the allegations set forth in Paragraph 20.

21. HHS admits the allegations set forth in Paragraph 21.

22. HHS admits that Plaintiffs submitted a FOIA request to HHS on September 30, 2022. HHS respectfully refers the Court to the FOIA request for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

23. HHS admits that it sent Plaintiffs a letter on October 4, 2022. HHS respectfully refers the Court to the referenced letter for a full, complete, and accurate statement of its contents and denies any allegations inconsistent therewith.

## CAUSE OF ACTION

24. HHS incorporates by reference its responses to the above paragraphs of this Answer.

25. Paragraph 25 consists of conclusions of law to which no response is required.

26. Paragraph 26 consists of conclusions of law to which no response is required.

27. Paragraph 27 consists of conclusions of law to which no response is required.

28. Paragraph 28 consists of conclusions of law to which no response is required.

29. Paragraph 29 consists of conclusions of law to which no response is required.

## REQUEST FOR RELIEF

The final WHEREFORE paragraphs constitute a prayer for relief to which no response is required. To the extent that a response is deemed to be required, HHS denies every factual allegation that may be deemed to be contained in the WHEREFORE paragraphs in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to the Complaint, HHS raises the following defenses. HHS respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to HHS throughout the course of this litigation.

## FIRST DEFENSE

Some or all of the requested records are records protected from disclosure by any applicable FOIA exemptions or exclusions, 5 U.S.C. § 552(b).

## SECOND DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiffs' request for relief exceeds the relief authorized under the Freedom of Information Act.

## THIRD DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs under 5 U.S.C. § 552(a)(4)(A)(iii).

## FOURTH DEFENSE

Plaintiffs failed to exhaust their administrative remedies prior to filing this action.

## FIFTH DEFENSE

Plaintiffs are not entitled to declaratory relief, 5 U.S.C. § 552(a)(4)(B).

**SIXTH DEFENSE**

Some or all of the relief sought by Plaintiff is barred by the Privacy Act, 5 U.S.C. § 552a.

**SEVENTH DEFENSE**

To the extent that HHS has exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist, HHS should be allowed additional time to process the request. 5 U.S.C. § 552(a)(6)(C).

WHEREFORE, HHS demands judgment dismissing the complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated: November 28, 2022
New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: /s/ Zachary Bannon
ZACHARY BANNON
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2728